**CLD-048**            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2723
_____

IN RE: JACOB BEN-ARI,

Petitioner

_____

On a Petition for Writ of Mandamus from the
Board of Immigration Appeals
(Related to Agency No. A078-404-560)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 16, 2017

Before: CHAGARES, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed: December 21, 2017)
_____

OPINION*
_____

PER CURIAM

Petitioner Jacob Ben-Ari seeks a writ of mandamus to compel the Board of

Immigration Appeals ("BIA") to show cause why it refuses to rule on three motions that

he filed with the agency.

Ben-Ari is an Israeli citizen who was ordered removed to Israel by an Immigration

Judge ("IJ") sitting in Miami, Florida, on November 1, 2016, in connection with a 2011

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

mail fraud conviction. The BIA affirmed the IJ's decision and dismissed Ben-Ari's appeal in an order dated April 10, 2017. The BIA also denied Ben-Ari's motion to stay the proceedings pending the outcome of his collateral attack on his conviction in the United States Court of Appeals for the Eleventh Circuit. It appears that Ben-Ari thereafter returned to the BIA with, inter alia, a motion seeking reconsideration of the April 10th order. Given Ben-Ari's submission of evidence, the BIA also treated the motion as one seeking reopening pursuant to 8 C.F.R. § 1003.2 (c). In an order dated August 8, 2017, the BIA denied Ben-Ari's motion for reconsideration. It also concluded that the motion did not warrant reopening of his immigration proceedings. The BIA specifically noted in its decision that it had considered Ben-Ari's multiple filings in rendering its decision.

On the same date that the BIA rendered its decision, Ben-Ari's mandamus petition was received in this Court.[1] The issuance of the BIA's order on August 8th came more than two months before the Clerk's receipt of Ben-Ari's motion for leave to proceed with this mandamus petition in forma pauperis. Even assuming arguendo that mandamus is available for use as Ben-Ari proposes, he has received the relief sought in his mandamus petition. Thus, we will dismiss the petition as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

---

constitute binding precedent.

[1] The petition is dated August 2, 2017. The Government advised the Court that Ben-Ari had been removed to Israel before his mandamus petition was received and filed on the docket.